JUDGE FORREST

12 CIV 2866

| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | SG7914 |

STEPHANIE BOODOO,

        Plaintiff,

-against-

THE CITY OF NEW YORK, and Police Officer PAULA MELENDEZ, Police Officer's "JOHN DOE" #1-4 (the name "John Doe" being fictitious, as the true names are presently unknown), both individually and as members of the New York City Police Department.

        Defendants.

**COMPLAINT AND DEMAND FOR JURY TRIAL**



RECEIVED APR 12 2012 U.S.D.C. S.D.N.Y. CASHIERS

    Plaintiff, Stephanie Boodoo, by his attorney, STANISLAO A. GERMÁN, complaining of the Defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §§ 1983, 1988, for the wrongful acts of Defendants THE CITY OF NEW YORK and Police Officers PAULA MELENDEZ, "JOHN DOE" #1-4 (the name "John Doe" being fictitious, as the true names are presently unknown), of the New York City Police Department, all acting under color of state law and pursuant to their authority, in violation of Plaintiff's rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983, 1988, and the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and the constitutional, statutory and common laws of the State of New York.

3. Jurisdiction is invoked herein pursuant to the aforementioned statutory and constitutional provisions and pursuant to 28 U.S.C. §§ 1331, 1343, this being an action seeking redress for the violation of Plaintiff's constitutional and civil rights.

## VENUE

4. Venue is properly laid in this District under 28 U.S.C. § 1391(b), this being the District in which the claim arose.

## TRIAL BY JURY

5. Plaintiff demands a trial by jury on each and every one of her claims as pled herein.

## PARTIES

6. At all times relevant hereto, Plaintiff was and is a resident of Bronx County in the State of New York, in the Southern District of New York, of Southeast Asian heritage.

7. At all times relevant hereto, Defendant THE CITY OF NEW YORK (hereinafter, "NYC") is a municipality of the State of New York and owns, operates, manages, directs and controls the New York City Police Department, which employs the other named Defendants.

8. Defendants Police Officer PAULA MELENDEZ, Police Officer's "JOHN DOE" #1-4 (the name "John Doe" being fictitious, as the true names are presently unknown), are

and were at all times relevant to this action, police officers employed by the New York City Police Department (hereinafter, "NYPD"), and acting under color of state law. They are being sued in both their individual and official capacity.

9. At all times relevant hereto and in all their actions described herein, the Defendants were acting under color of the statutes, ordinances, regulations, policies, customs and usages of the NYPD and NYC, pursuant to their authority as employees, servants and agents of the NYPD within the scope of employment and incidental to their otherwise lawful duties and functions as employees, servants, agents and police officers.

10. NYC was responsible for the hiring, training, supervision, discipline, retention and promotion of the police officers, sergeants, and/or employees of the NYPD.

## FACTS

11. On April 28th, 2009, at approximately 4:30 a.m., Stephanie Boodoo, a 23 year-old female with no criminal record, was a passenger in a friend's motor vehicle.

12. The car was traveling along White Plains Road and East 236th Street in Bronx County when the car was stopped by several police vehicles.

13. Ms. Boodoo and her friend were ordered out of the vehicle with their hands raised.

14. Ms. Boodoo and her friend complied.

15. Ms. Boodoo was then grabbed by a police officer by both arms and thrown on the hood of the vehicle.

16. When Ms. Boodoo asked the police officer for the reason that she was being arrested, the police officer slammed her face onto the hood of the car and she suffered a gash on the bridge of her nose which resulted in bleeding and a permanent scar.

17. While in handcuffs, Ms. Boodoo was grabbed by her arms and thrown to the floor with such force that she suffered contusions all along both arms, and lacerations to her wrists, ankles and neck.

18. After being shackled, Ms. Boodoo was transported to the 47th precinct in Bronx County. At no time was she advised why police officers had stopped the vehicle and arrested her.

19. While at the precinct and despite her apparent injuries, Ms. Boodoo received no medical attention.

20. After spending several hours at the precinct, Ms. Boodoo was transported to the Bronx Criminal Court.

21. At her criminal court arraignment, Ms. Boodoo learned that she was being charged with harassment of one of the police officers who assaulted and arrested her.

22. At her criminal court arraignment before the Honorable Judge Benitez, Ms. Boodoo was released on her own recognizance.

23. After her release from jail, paramedics were called and Ms. Boodoo was taken to Montefiore Medical Center in Bronx County.

24. While at Montefiore Medical Center, she was treated for the injuries she suffered as a result of the assault by Defendants.

25. The physicians at Montefiore Medical Center advised her to stay home for at least three days while she recuperated from her various injuries.

26. Ms. Boodoo returned to Bronx Criminal Court on six different occasions before the case was adjourned in contemplation of dismissal on April 7th, 2010.

## FIRST CLAIM FOR RELIEF:
## <u>DEPRIVATION OF FEDERAL CIVIL RIGHTS</u>

27. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 26 with the same force and effect as if fully set forth herein.

28. All of the aforementioned acts of Defendants, their agents, servants and employees were carried out under color of state law.

29. All of the aforementioned acts deprived Plaintiff, Stephanie Boodoo, the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and in violation of 42 U.S.C. § 1983.

30. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, with all the actual and/or apparent authority attendant thereto.

31. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

32. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of his/her respective municipality/authority, which is forbidden by the Constitution of the United States.

33. By these actions, these Defendants have deprived Plaintiff of rights secured by the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. § 1983, for which the Defendants are individually liable.

## SECOND CLAIM FOR RELIEF: CONSPIRACY TO VIOLATE CIVIL RIGHTS

34. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 33 with the same force and effect as if fully set forth herein.

35. All of the aforementioned Defendants conspired to violate Plaintiff's civil rights by agreeing among themselves to falsely charge Plaintiff with crimes and testify falsely, as described above, in violation of 42 U.S.C. § 1985, for which the Defendants are individually liable.

## THIRD CLAIM FOR RELIEF: FALSE AREST/FALSE IMPRISONMENT UNDER 42 U.S.C. § 1983

36. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 35 with the same force and effect as if fully set forth herein.

37. As a result of Defendants' aforementioned conduct, Plaintiff, Stephanie Boodoo, was subject to an illegal, improper and false arrest by the Defendants and taken into custody and caused to be falsely imprisoned, detained, confined, incarcerated and prosecuted by the Defendants in criminal proceedings, without any probable cause, privilege or consent.

38. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time, and she was put in fear for her safety and subjected to handcuffing, and other physical restraints, without probable cause.

39. As a result of her false arrest, Plaintiff was subjected to humiliation, ridicule and disgrace. Plaintiff was discredited in the minds of many members of the community.

## FIFTH CLAIM FOR RELIEF:
## ASSAULT UNDER 42 U.S.C. § 1983

40. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 39 with the same force and effect as if fully set forth herein.

41. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable and unprovoked.

42. As a result of the assault and brutality on Plaintiff by the Defendants, Plaintiff sustained substantial pain and bruising and swelling about her body.

43. All of the aforementioned acts of Defendants constituted negligence under the laws of the State of New York and they are liable for said damage.

## SIXTH CLAIM FOR RELIEF:
## EXCESSIVE FORCE UNDER 42 § 1983

44. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 43 with the same force and effect as if fully set forth herein.

45. The degree of force used by Defendants was excessive, unreasonable and unwarranted.

46. Defendants' actions were intentional, willful, malicious, egregious, grossly reckless and negligent, unconscionable and unprovoked.

47. As a result of the excessive force and brutality on Plaintiff by the Defendants, Plaintiff sustained substantial pain and bruising and swelling about her body.

48. All of the aforementioned acts of Defendants constituted negligence under the laws of the State of New York and they are liable for said damage.

## SIXTH CLAIM FOR RELIEF:
## MUNICIPAL LIABILITY

49. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in paragraphs 1 through 48 with the same force and effect as if fully set forth herein.

50. Defendant Police Officers PAULA MELENDEZ, "JOHN DOE" #1-4 (the name "John Doe" being fictitious, as the true names are presently unknown), arrested Stephanie Boodoo despite a complete lack of evidence against her, notwithstanding their knowledge that said arrest would jeopardize Plaintiff's liberty, well-being, safety and constitutional rights.

51. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

52. The acts complained of were carried out by the aforementioned individual Defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of NYC and the NYPD, all under the supervision of ranking officers of said department.

53. The aforementioned customs, policies, usages, practices, procedures and rules of NYC and the NYPD included, but were not limited to, initiating and continuing criminal proceedings without evidence of criminal activity.

54. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of Plaintiff.

55. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the direct and proximate cause of the constitutional violations suffered by Plaintiff as alleged herein.

56. The foregoing customs, policies, usages, practices, procedures and rules of NYC and the NYPD were the moving force behind the constitutional violation suffered by Plaintiff as alleged herein.

57. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of Plaintiff Stephanie Boodoo.

58. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of Plaintiff's constitutional rights.

59. Defendant NYC, as municipal policymaker in the training and supervision of Defendant police officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain who suffer violation of their right to freedom from the use of excessive and unreasonable force and freedom from deprivation of Liberty without Due Process of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983, and the Constitution and laws of the State of New York.

60. All of the foregoing acts by Defendants deprived Plaintiff Stephanie Boodoo of federally protected rights, including, but not limited to, the right:

    a. Not to be deprived of liberty without due process of law;

    b. To be free from seizure and arrest not based upon probable cause;

  c. To be free from unlawful imprisonment;

  d. To be free from intentional assault and infliction of emotional distress;

  e. Not to have cruel and unusual punishment imposed upon him; and

  f. To receive equal protection under the law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

1. Special and compensatory damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

2. Punitive damages in the amount of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

3. Reasonable attorney's fees and costs; and

4. Such other and further relief as this Court seems just and proper.

DATED:  New York, New York
      April 11, 2012

                Respectfully submitted,

                Stanislao a. Germán (SG 7914)
                Attorney for Plaintiff
                122 East 42nd Street, Suite 2710
                New York, New York 10168
                (212) 986-6776

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHANIE BOODOO,

    Plaintiff

-against-

THE CITY OF NEW YORK and Police Officers PAULA MELENDEZ and Police Officer's "JOHN DOE" #1-4 (the name "John Doe" being fictitious, as the true names are presently unknown), both individually and as members of the New York City Police Department.

    Defendant.

COMPLAINT AND DEMAND FOR JURY TRIAL

Law Office of Stanislao A. Germán
Stanislao A. Germán, Esq.
299 Broadway, Suite 200
New York, New York 10007
(212) 986-6776